UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

#1:22-CV-10077-DPW

| | |
|---|---|
| KARYN DRAGO | ) |
| | ) |
| V. | ) |
| | ) |
| RYAN FRIAS, e al | ) |

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

NOW COMES the plaintiff, Karyn Drago, by and through her attorney, and opposes the defendants' *Motion To Dismiss* for the following reasons:

1. The defendants seek dismissal of the *Complaint* because it does not 'include enough facts to state a claim to relief that is plausible on its face.' See *Standard of Review,* page 2 of *Defendants' Memorandum.*

2. The *Complaint* alleges two counts of the defendants' breach of a duty of care to keep the plaintiff free from unreasonable seizures per the *Fourth Amendment* to the *U.S. Constitution* and *Article XIV* of the *Mass Declaration of Rights* and from defending fabricated criminal charges based upon demonstrably false information. More specifically, the defendants - on two occasions - failed to investigate whether the plaintiff had committed any crime.

3. To be valid under the *Fourth Amendment* and *Article XIV*, an arrest must be based upon probable cause. *Hoffman v. Reali*, 973 F.2d 980, 985 (1st Cir. 1992). Probable cause to make an arrest exists where the facts and circumstances of which the arresting officer has knowledge

would be sufficient to permit a reasonably prudent person to conclude that an offense has been committed by the person arrested.  *U. S. v. Cruz Jimenez*, 894 F.2nd 1, 4-5 (1st Cir. 1990).

4.      The plaintiff, Karyn Drago (Karyn), alleges in her *Complaint* that she neither created nor used the email address karynhoff1234@gmail.com to threaten, assault and harass her daughter, Amanda Coco (Amanda), on January 12, 2019 (*Count I*).  Please see Salem Police Department report dated Jan. 17, 2019 and numerous emails marked as *Exhibit A*.

5.      Karyn alleges in her *Complaint* that she neither created nor used the email address karynguillette61@gmail.com to intimidate and abuse Amanda on February 2, 2019 (*Count II*).  Please see Salem Police Department report dated February 2, 2019 and numerous emails marked as *Exhibit B*.

6.      A person can create an email address with any combination of letters, numbers and symbols and register it with a server, i.e., Gmail.  Said email address does not, by itself, identify the creator of that email.  Therefore, no one can determine the true identity of the sender of any email by looking at the email address or the name pinned to it.  Nevertheless, Kary Drago ('Karyn') did not create either of the two emails Amanda Coco brought to the Salem Police Department on January 17, 2019 and February 2, 2019, or, the names Karyn Hoff and Karyn Guillette.  See *Affidavit In Support of Opposition To Motion To Dismiss* marked as *Exhibit C*.

7.      In *Count I*, Officer Frias stated in his January 17, 2019 report the following pertinent information:

>   a.      Amanda went to the police station and stated that her daughter Lilly Coco is in the full custody of her mother Karyn. (See page 2 of *Exhibit A);*
>
>   b.      after speaking with her counselor, Amanda was concerned that Lilly may be in danger and contacted the Department Of Children And Families ('DCF') and the Methuen Police Department ('MPD') to file an [abuse] report and to request a wellness check on Lilly, respectively. (*Id*.);

      c.      hours later, Amanda received a <u>blocked phone call</u> from Karyn where Karyn verbally attacked Amanda. (*Id.*)  Amanda told Officer Frias that:

          i.      there <u>may be guns</u> inside Karyn's residence;

          ii.      Karyn abuses drugs and alcohol and is <u>never sober</u>;

          iii.      Amanda's father recently passed away and he <u>was a gun owner</u>; and

          iv.      Officer Frias <u>attempted to contact</u> Karyn in regards to this incident to no avail.

8.      Amanda created the email address - karynhoff1234@gmail.com – and sent herself threatening, assaulting and harassing emails on January 12, 2019.  She took the printed emails to Officer Ryan Frias of the Salem Police Department and alleged that Karyn sent the emails to her.  See *Exhibit A*.  The defendants concede this point at page 4 of their *Memorandum*.

9.      At the time she created the email address karynhoff1234@gmail.com, Amanda identified the owner of the email account as *Karyn Hoff*, not Karyn Drago.  Amanda could have very easily inserted Karyn Drago's name, but she didn't.  This is the first clue that something is amiss with the email.  See emails in *Exhibit A*.

10.      On January 17, 2019, Amanda's father, Andre Guillette (Andre), was alive and he was not a gun owner.  See *Affidavit* marked as *Exhibit C*.  By said date, Andre had accumulated two Abuse Prevention Orders (Robert Guillette [father] v. Andre Guillette [1984] & Karyn v. Andre Guillette [2007]) and convictions for violating the abuse prevention order and threatening to commit a crime in 2007.  See *Affidavit* [of Karyn Drago] marked as *Exhibit C* and certified court records marked as *Exhibit D*.

11.      On January 17, 2019, Officer Frias was presented with the following information which should have raised concerns about the veracity of Amanda's allegations against Karyn:

    a.    Amanda was a party to a guardianship petition regarding her daughter Lilly who was residing with Karyn.  Therefore, Amanda's interests were adverse to Karyn's;

    b.    Amanda filed (a) an abuse report with DCF against her mother Karyn regarding Lilly's care and (b) a wellness check with the MPD.  Therefore, Amanda's adverse position manifested itself in action being taken against Karyn.

    c.    hours after Amanda filed the reports with DCF and MPD, Amanda received a <u>blocked</u> phone call from Karyn – this is an impossibility;

    d.    a claim there may be guns in the house  - unsubstantiated, but, verifiable;

    e.    Karyn is never sober.  Yet, Karyn obtained guardianship over Lilly from a court of law;

    f.    Amanda's father was a gun owner – unsubstantiated, but, verifiable;

    g.    the identifying name in the email address karynhoff1234@gmail.com is Karyn Hoff.

12.     Officer Frias knew, or, should have known that Amanda had a motive to fabricate claims against Karyn in her attempt to obtain custody of her daughter Lilly.  Amanda couldn't have received a blocked call from Karyn on January 12, 2019 because it was a <u>blocked call</u>.  A simple check of the SPD's records regarding gun ownership would have disclosed that Andre Guillette was never a gun owner and he could never be a gun owner due to his criminal record and the issuance of protective orders against him.  A simple check with DCF and MPD would have disclosed that Amanda had not filed an abuse report or a wellness check.  A simple check with Karyn would have disclosed that she is not Karyn Hoff, that she never used that name and that she did not create karynhoff1234@gmail.com.

13.     Officer Frias ignored all these clues and did not check SPD's records, DCF's records, MPD's records and he didn't check with Karyn on January 17, 2019 about placing a call to Amanda or using the Hoff email address before issuing an arrest command.   Had Officer Frias checked those records and/or spoke to Karyn on January 17, 2019, he would have

discovered that Amanda did not place calls to DCF or MPD (Karyn never received calls from DCF or MPD re: Lilly's care - see Affidavit marked as *Exhibit C*); that Andre never owned guns; that there are no guns in Karyn's house; that Karyn is sober and she didn't create or use the karynhoff1234@gmail.com email address to harass or threaten Amanda.

14. All of the foregoing six factors should have caused Officer Frias to question Amanda's veracity for telling the truth and to pause before issuing an arrest command to the MPD. Indeed, perhaps the six factors did cause Officer Frias to further investigate this incident. He attempted to contact Karyn in order to confirm the allegations, but, was unsuccessful.

15. For all the foregoing reasons, Officer Frias did not have probable cause to believe Karyn Drago had committed an offense before issuing the arrest command to MPD on January 17, 2019.

16. Lt. John Gaudette signed Officer Frias' January 17, 2019 police report (*Exhibit A)* in a supervisory capacity. He neglected to investigate the foregoing factors also.

17. In *Count II*, Amanda created the email address – karynguillette61@gmail.com – and sent herself the threatening and assaulting email on February 2, 2019. She took the printed email to Ofc. Johnson at the Salem Police Department and alleged that Karyn sent the email to her. See *Exhibit B*. The defendants concede this point at page 4 of their *Memorandum*.

18. At the time she created the email address karynguillette61@gmail.com, Amanda identified the owner of the email account as *Karyn Guillette*, not Karyn Drago. See email in police report marked as *Exhibit B*.

19. Officer James Johnson (Ofc. Johnson) stated in his February 2, 2019 report the following pertinent information which should have raised concerns about the veracity of Amanda's allegations against Karyn:

    a.    Amanda went to the police station and provided Ofc. Johnson with one 2-page email allegedly received from Karyn Drago;

    b.    the identifying name in the email address karynguillette61@gmail.com is Karyn Guillette, not Karyn Drago.

    c.    the email referenced the same custody battle between Amanda and Karyn that was displayed in the January 12, 2019 email.

    d.    the email is replete with profanity, misspellings and grammatical errors.

20.    Ofc. Johnson knew, or, should have known that Amanda had a motive to fabricate false claims against Karyn in her attempt to obtain custody of her daughter Lilly from Karyn.

21.    Ofc. Johnson knew, or, should have known that an email replete with profanity, misspellings and grammatical errors from a mother – who has guardianship over her granddaughter – to a daughter is dubious.  A reasonably prudent person would conclude that that profanity and many errors in the email necessitates further investigation as to the identity of the emails rather than issuing a command to arrest of Amanda's mother.

22.    Ofc. Johnson did not adequately investigate this matter in February 2019.  Ofc. Johnson did not call Karyn to confirm the authenticity of the email name/address or the contents therein.

23.    All of the foregoing factors should have caused Ofc. Johnson to question Amanda's motive to file her complaint and her veracity for telling the truth.  For all the foregoing reasons, Ofc. Johnson did not have probable cause to believe Karyn had committed the offenses she was arrested on and charged with on February 2, 2019.

24.    Lt. Dennis King signed Ofc. Johnson's February 2, 2019 police report (*Exhibit B*) in a supervisory capacity.  He neglected to investigate the foregoing factors also.

25.    In conclusion, none of the four Salem police officers had probable cause to believe Karyn was the caller of a 'blocked call' on January 12, 2019 and the author of the fabricated email names/addresses and the contents therein on January 12, 2019 and February 2, 2019.  Ofc.

Johnson and Lt. King did not attempt to call Karyn Drago to confirm her email address – a reasonably prudent step to undertake giving the suspicious email. While Officer Frias did attempt to call Karyn – a reasonable undertaking – he neglected to complete the investigation of author of the caller and of the emails on January 17, 2019. Lt. Gaudette failed in his supervisory role to authenticate the author of the call and the emails.

26. Furthermore, the defendants are not entitled to a qualified immunity defense because their decisions to arrest Karyn on January 17, 2019 and February 2, 2019 were not reasonable given (a) receipt of blocked call and (b) the explicit names of Karyn Hoff and Karyn Guillette on the emails. *Joyce v. Town of Tewksbury*, 112 F.3d 19, 23 (1st Circuit).

27. While they certainly had probable cause to believe Karyn Hoff and Karyn Guillette committed crimes against Amanda, they certainly did not have probable cause to believe Karyn Drago committed any crimes. The arrests of Karyn Drago on January 17, 2019 and February 2, 2019 were without probable cause violated her rights under the *Fourth Amendment* to the *U.S. Constitution* and *Article XIV* of the *Massachusetts Declaration of Rights* to be free from unreasonable seizures.

      WHEREFORE, your plaintiff prays for the following relief:

A.     Deny the motion.

B.     Allow the plaintiff to amend her *Complaint* to address the blocked call issue.

C.     Order such other relief as the court deems meet and just.

                                                        Respectfully Submitted,
                                                        Karyn Drago,
                                                        By her attorney,

February 22, 2022                                       */s/ Paul Pappas*
                                                        Paul Pappas, Esq.
                                                        BBO# 549528
                                                        280 Merrimack St.
                                                        Methuen, Ma. 01844
                                                        978.686.9000
                                                        Pappas3858@yahoo.com

                             CERTIFICATE OF SERVICE PER LOCAL RULE 5.2(b)

      I hereby certify that a true copy of the above document was served upon the attorney of record for the other party by mail on February 22, 2022.

February 22, 2022                                       */s/ Paul Pappas*
                                                        Paul Pappas