UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-cv-10077-DPW
(Leave to file granted on February 28, 2022)

KARYN DRAGO

    Plaintiff

v.

RYAN FRIAS, JOHN GAUDET,
JAMES JOHNSON, DENNIS KING,
SALEM POLICE DEPARTMENT
CITY OF SALEM, MA

    Defendants

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendants, Ryan Frias, John Gaudet, James Johnson, Dennis King, and the City of Salem, respectfully submit this Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss.

**A. THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

Astoundingly, the Plaintiff's Opposition states the following: "While [Defendants] certainly had probable cause to believe Karyn Hoff and Karyn Guillette committed crimes against Amanda, they certainly did not have probable cause to believe Karyn Drago committed any crimes." (Opposition, ¶27). Further, although the Plaintiff avers she has never used the names Karyn Hoff or Karyn Guillette contained in the email addresses, this does not render unreasonable the Defendants' actions. Indeed, the Plaintiff's affidavit indicates that while she has used the name Karyn Drago since 1999, she uses a different name in her email address - Karyn Coco. (Opposition, Exhibit C, ¶3, ¶11). The Plaintiff's opposition papers demonstrate

1

why the Defendants' probable cause determinations were reasonable, albeit mistaken. Qualified immunity applies and Counts I and II must be dismissed.

### B. THE PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT SHOULD BE DENIED.

"When a motion to amend is <u>properly</u> made before entry of judgment, the district court is to evaluate that motion under the liberal standard of Fed. R. Civ. P. 15(a)." *United States ex rel. Ge* v. *Takeda Pharm. Co.*, 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation marks and citation omitted). Here, the Plaintiff's Opposition includes a prayer for relief to allow the Plaintiff to amend her Complaint "to address the blocked call issue." The Plaintiff does not file a Motion to Amend nor a Proposed Amended Complaint. As such, the request should be denied. *See id.* at 128 (quoting *Gray* v. *Evercore Restructuring L.L.C.*, 544 F.3d 320 (1st Cir. 2008)) ("except perhaps in 'exceptional circumstances,' a bare request in an opposition to a motion to dismiss <u>does not constitute</u> a motion to amend for purposes of Rule 15(a)").[1]

In any event, the request should be denied as futile. "Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters." *Correa-Martinez* v. *Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In reviewing for futility, the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Glassman* v. *Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (internal quotation marks and citations omitted).

---

[1] The Plaintiff has failed to confer in accordance with L.R. 7.1(a)(2) as it relates to the request to amend, which is an alternative ground for denying it.

The Plaintiff's Opposition implies that the fact that Amanda Coco informed Officer Frias that the call was blocked negates probable cause.  This is disingenuous at best; certainly, individuals like Amanda Coco could relay to officers who was on a phone call by the sound of their voice and content of the conversation.  It was reasonable for Officer Frias to believe Amanda Coco when she said it was the Plaintiff who verbally attacked her on the phone notwithstanding that she also informed him it was a blocked call.  The Plaintiff's request should be denied where it is not going to "repair the holes in [her] case."  *Correa-Martinez*, 903 F.2d at 59.

Respectfully submitted,

Defendants,

By their attorneys,

*/s/ Elizabeth F. Scian*
Douglas I. Louison (BBO# 545191)
Elizabeth F. Scian (BBO# 706565)
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305

Date:  March 1, 2022

## CERTIFICATE OF SERVICE

I, Elizabeth F. Scian, hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on March 1, 2022.

*/s/ Elizabeth F. Scian*
Elizabeth F. Scian